UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANDRA RAMOS,

    Plaintiff,

v.                                      CASE NO.:

COMPLIANCE SOLUTIONS, INC.,
a Florida Profit Corporation, and MARK
LAMMERT, an Individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiff, SANDRA RAMOS ("Plaintiff"), by and through her undersigned counsel, and sue Defendants, COMPLIANCE SOLUTIONS, INC., ("Defendant Compliance") and MARK LAMMERT, ("Defendant Lammert"), (collectively "Defendants"), and in support state as follows:

### Jurisdiction and Venue

1. This is an action for damages by Plaintiff against her former employers for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has jurisdiction over Plaintiff's claims, pursuant to, 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. At all times material to Plaintiff's claims, Defendants conducted substantial, continuous, and systematic commercial activities in this District.

1

**Parties and Factual Allegations**

3. Plaintiff, SANDRA RAMOS was employed by Defendants from on or around March 23, 2020 to on or around October 8, 2020. Plaintiff held multiple job titles with Defendants including "Tax Preparer" and "Tax Exempt Associate." Plaintiff was paid a salary and was misclassified as exempt. Plaintiff performed non-exempt duties such as managing mail and storage; cleaning and mopping the kitchen, bathroom, and storage room after work hours; and taking out the trash from the building.

4. Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e).

5. Plaintiff was not exempt under any exemption pursuant to 29 U.S.C. § 213.

6. Defendant Compliance is a Florida Profit Corporation, operating a business located in Seminole County, Florida.

7. Defendant Compliance is an enterprise engaged in interstate commerce with annual gross revenue of $500,000.00 or more.

8. Defendant Lammert is an individual, a resident of Seminole County, Florida, and upon information and belief, was and is the owner and operator of Defendant Compliance and exercised control over the day-to-day operations, including any obligations under the FLSA.

9. Defendant Lammert acted and acts directly in the interests of Defendant Compliance in relation to its employees. Thus, he was and is an employer within the meaning of Section 203(d) of the FLSA (29 USC 203(d))

10. Defendants were employers of Plaintiff as defined by 29 U.S.C. § 203(d).

11. At all relevant times Defendants directly, or through its agents or other persons, employed Plaintiff and exercised control over the wages, hours, and working conditions of Plaintiff.

12. On a frequent basis throughout Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, but was not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times his regular rate of pay.

13. At all relevant times Plaintiff worked in excess of forty (40) hours per week, Defendants were aware of, and suffered or permitted the same.

14. Plaintiff has sustained damages from Defendants' failure to properly and timely pay overtime compensation.

15. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

## COUNT I
### Violation of the Overtime Provisions of the Fair Labor Standards Act

16. Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 15 above, as if fully set forth herein.

17. Plaintiff was not exempt under any exemption pursuant to 29 U.S.C. § 213.

18. During the relevant statutory period, Plaintiff regularly worked in excess of forty (40) hours per week.

19. Defendants failed to pay Plaintiff the required overtime rate, one-and-one-half times her regular rate, for all hours worked in excess of forty (40) hours per week.

20. Defendants willfully failed to keep proper records of all hours worked by Plaintiff as required by 29 U.S.C. § 211(c), even though Plaintiff was entitled to overtime compensation.

21. Defendants' failure to pay the required overtime rate was willful, which resulted in Plaintiff not being paid one-and-one-half times her regular rate for all hours worked in excess of forty (40) hours per week.

22. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages.

23. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm reasonable attorneys' fees and costs for its services.

**WHEREFORE** Plaintiff demands judgment against Defendants for the following:

A. Unpaid overtime proven to be due and owing;

B. An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

C. Pre- and post-judgment interest as allowed by law;

D. Reasonable attorneys' fees and costs; and

E. Such other relief as the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on this 10th day of December 2020.

Mary E. Lytle, Esquire
Florida Bar No.: 0007950
**David V. Barszcz, Esquire**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ**
533 Versailles Dr., 2nd Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiffs**